IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EUGENE KNUDSON,

    Plaintiff,

v.

OREGON SHEET METAL WORKERS
MASTER RETIREMENT FUND TRUST,
BOARD OF TRUSTEES OF OREGON
SHEET METAL WOKERS MASTER
RETIREMENT TRUST, EMPLOYER-
INDUSTRIAL SHEET METAL WORKERS
LOCAL NO. 16 PENSION TRUST, and BOARD
OF TRUSTEES OF THE EMPLOYER-
INDUSTRIAL SHEET METAL WORKERS
LOCAL NO. 16 PENSION TRUST

    Defendants.

Case No. 3:17-cv-00647-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff Eugene Knudson appeals the denial of his applications for early retirement benefits. Plaintiff is currently employed as a welder at the Bonneville Power Administration ("BPA"). He sought benefits accrued during his years as a sheet metal worker from two pension plans, the Employer-Industrial Sheet Metal Workers Local No. 16 Pension Trust ("Pension

Page 1 – OPINION AND ORDER

Trust") and the Oregon Sheet Metal Workers Master Retirement Fund Trust ("Master Trust"). Each Trust is governed by the Employee Retirement Income Security Act ("ERISA")[1], has a Master Plan, and is administered by a Board of Trustees.[2] Both plans require that early retirement beneficiaries refrain from sheet metal work. When plaintiff applied to collect his pension, both Boards determined that his work as a welder at BPA was sheet metal work, and that he was ineligible for early retirement benefits. Plaintiff seeks review of these decisions. Both plans grant discretion to their respective administrators to determine eligibility and interpret ambiguities in the plans. As explained in more detail below, because neither Board abused its discretion, plaintiff's motion for summary judgment (doc. 22) is DENIED, and defendants' motions for summary judgment (doc. 15 and doc. 28) are GRANTED.

## BACKGROUND

Plaintiff has earned two sheet metal retirement pensions. From 1999-2004, plaintiff's employer made contributions on his behalf to the Pension Trust, and between 1995-1998 and 2005-2012, plaintiff worked for an employer who contributed on his behalf to the Master Trust.

Plaintiff has been a member of the Sheet Metal Workers' International Association Local 16 since 1995. In his current position, he is also a member of the Plumbers and Steamfitters Local 290 Union.

Since 2012, plaintiff has worked as a welder for BPA. Plaintiff's work is "primarily fabricating, assembling and repairing bus in BPA switchyard and substations." Pension AR 31-37. According to his job description, plaintiff also "performs all types of general welding on

---

[1] A plan participant can sue in federal court to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[2] Under both plans, plaintiff would be eligible for early retirement benefits if he retired from sheet metal work before the age of 65. At age 65, he will be eligible for a normal retirement pension.

Page 2 – OPINION AND ORDER

shop fabrications, steel, stainless steel, aluminum and chromium structures, trucks, dozers, cranes, booms, shovel buckets, etc." He maintains the required BPA welding certifications. Buckley Dec. at 7.

On July 23, 2016, plaintiff applied to receive early retirement benefits from the Pension Trust. The Pension Trust is a multi-employer benefit trust fund. Employers who have collective bargaining agreements with the Local 16 Union contribute to the fund. The Pension Plan provides for several forms of retirement benefits, including early retirement. The Board of Trustees is the administrator of the Pension Trust and is empowered by the Pension Plan to "administer the Plan, construe and interpret the provisions of the Plan and Trust Agreement, and resolve all questions arising in the administration, construction, interpretation and application of the plan." Pension AR 156.

Plaintiff's application was first considered and denied by the Pension Trust Pension Application Review Committee. The Review Committee determined that plaintiff did not meet the eligibility requirements for early retirement because his work as a welder "consitut[ed] employment for wage or profit as a sheet metal worker" which was a disqualifying factor under the Plan. Pension AR 18. Plaintiff appealed to the Pension Trust Board of Trustees, which affirmed the Review Committee's decision.

Also on July 23, 2016, plaintiff applied to receive early retirement benefits from the Master Trust. Like the Pension Trust, the Master Trust is a multi-employer benefit trust fund, the Board of Trustees is the administrator, and it is governed by a Master Plan. The Master Plan gives the Board of Trustees "full, absolute and unlimited power and authority" to "administer and interpret" the plan, "construe or interpret the plan . . . determine benefit eligibility, credits, accrual, or entitlement; and to exercise any discretionary powers under the Plan as necessary or

Page 3 – OPINION AND ORDER

desirable[.]" Master AR 350. The Master Trust Pension Application Review Committee reviewed and denied plaintiff's application for early retirement benefits. The Review Committee determined that the plaintiff did not meet the eligibility requirements to receive early retirement benefits because he was working as a welder and had not refrained from "any employment anywhere for wages or profit in the sheet metal industry." Master AR 35-37.

Plaintiff appealed, and the Master Trust Board of Trustees affirmed the Review Committee's determination that the plaintiff was not eligible for early retirement benefits because he was still working in the industry and had not retired.

Plaintiff then filed the present suit, challenging both denials of early retirement benefits. He asserts that the Boards abused their discretion by determining that he was not retired from sheet metal work. Both defendants have moved for summary judgment in their favor, and plaintiff filed a cross motion for summary judgment in his favor. Due to the similar nature of the issues the Court has consolidated consideration of the motions in a single order and opinion.

## STANDARD OF REVIEW

A district court will review a plan administrator's decision to deny benefits *de novo* unless the plan expressly gives the administrator discretion to determine eligibility or construe the plan's provisions. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Anderson v. Suburban Teamsters N. Ill. Pension*, 588 F.3d 641, 646 (9th Cir. 2009). If the plan administrator has discretion, a reviewing court will apply an abuse of discretion standard. *Tapley v. Locals 302 and 612 of Intern. Union of Operating Eng'rs-Employers Construction Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013). Under this standard, a court will closely consider the terms of the plan but will give deference to the administrator's interpretation if it has a rational justification. *Id.* A plan administrator abuses its discretion if it "construes provisions of a plan

Page 4 – OPINION AND ORDER

in a way that clearly conflicts with the plain language of the Plan, . . . renders nugatory other provisions of the Plan, . . . or lacks any rational nexus to the primary purpose of the Plan." *Id.* (internal citations omitted).

All parties have filed motions for summary judgment. Summary judgment is appropriate when there are no genuine issues of material fact before the court and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ERISA cases, "a motion for summary judgment is merely the conduit to bring the legal question before the court." *Nolan v. Heald Coll.*, 551 F.3d 1148, 1154 (9th Cir. 2009).

## DISCUSSION

At the outset, I note that both the Pension Trust and Master Trust Boards of Trustees are given discretion by their respective Plans. Accordingly, I find that an abuse of discretion standard of review is appropriate in this case. See *Tapley*, 728 F.3d at 1139.

The Pension Trust Pension Plan gives the Pension Trust Board of Trustees "full and exclusive authority to administer the Plan, construe and interpret the provisions of the Plan and Trust Agreement, and resolve all questions arising in the administration, construction, interpretation and application of the Plan." Pension AR 156. Similarly, the Master Plan gives the Master Trust Board of Trustees "full, absolute, and unlimited power and authority" to "administer and interpret the Plan," "determine benefit eligibility" and "exercise any discretionary powers under the Plan as necessary or desirable[.]" Master AR 350. The Master Retirement Trust Agreement (1997 Restatement) reiterates that authority using the same terms. Master AR 432. This is precisely the type of language that "unambiguously confers discretionary authority" to a plan administrator. *Nolan*, 551 F.3d at 1153.

A heightened level of scrutiny is not required here, as there is no structural conflict of

interest on either Board. Structural conflicts of interest exist when a plan's administrator acts as both the primary funding source and the adjudicator of benefits. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). If a structural conflict of interest exists, the court will consider this as a factor in its abuse of discretion analysis. *Id.*

Here, the Boards are made up of both employee and employer representatives. The Pension Plan Board of Trustees consists of three union representatives and three employer representatives. The Master Trust Board of Trustees consists of four union and four employer representatives. When, as in this case, "[t]he Trustees have no personal economic interest in the decision to grant or deny benefits" and "the Board of Trustees consists of both employer and employee representatives who determine employee eligibility" no conflict of interest exists. *Anderson*, 588 F.3d at 648.

I. *Pension Trust*

The Pension Trust Board of Trustees did not abuse its discretion when it determined that plaintiff was not retired, and therefore not eligible to receive early retirement benefits. To be eligible for early retirement benefits, the Pension Trust Plan requires, among other things, that an applicant be retired. To be "retired" under the Pension Master Plan means that the applicant must "cease and refrain from any employment anywhere for wages or profit as a sheet metal worker." Pension AR 160. The phrase "sheet metal worker" is not defined in the Pension Trust Master Plan. When the Review Committee denied plaintiff's application, it notified the plaintiff by mail that he had not retired because "employment as a welder constitutes work as a sheet metal worker." Pension AR 18.

Plaintiff appealed and argued that his welding work was significantly different from his prior sheet metal work. He asserted that he was not working in the sheet metal shop at BPA and

interest on either Board. Structural conflicts of interest exist when a plan's administrator acts as both the primary funding source and the adjudicator of benefits. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008). If a structural conflict of interest exists, the court will consider this as a factor in its abuse of discretion analysis. *Id.*

Here, the Boards are made up of both employee and employer representatives. The Pension Plan Board of Trustees consists of three union representatives and three employer representatives. The Master Trust Board of Trustees consists of four union and four employer representatives. When, as in this case, "[t]he Trustees have no personal economic interest in the decision to grant or deny benefits" and "the Board of Trustees consists of both employer and employee representatives who determine employee eligibility" no conflict of interest exists. *Anderson*, 588 F.3d at 648.

I. *Pension Trust*

The Pension Trust Board of Trustees did not abuse its discretion when it determined that plaintiff was not retired, and therefore not eligible to receive early retirement benefits. To be eligible for early retirement benefits, the Pension Trust Plan requires, among other things, that an applicant be retired. To be "retired" under the Pension Master Plan means that the applicant must "cease and refrain from any employment anywhere for wages or profit as a sheet metal worker." Pension AR 160. The phrase "sheet metal worker" is not defined in the Pension Trust Master Plan. When the Review Committee denied plaintiff's application, it notified the plaintiff by mail that he had not retired because "employment as a welder constitutes work as a sheet metal worker." Pension AR 18.

Plaintiff appealed and argued that his welding work was significantly different from his prior sheet metal work. He asserted that he was not working in the sheet metal shop at BPA and

would be disciplined if he utilized tools in that shop. On appeal, the Pension Trust Board of Trustees disagreed with plaintiff and upheld the Review Committee's denial. In its denial letter, the Board noted that it:

> acknowledge[s] that [plaintiff is] not working in the sheet metal shop at BPA. However, this fact is not dispositive about whether you are working as a sheet metal worker. The key for determining whether you are working as a sheet metal worker is the nature of your employment and whether your employment is similar to the work performed by other sheet metal workers.

Buckley Dec. at 6-8. The Board determined that the nature of plaintiff's welding work was similar to other sheet metal workers. The Board gave several justifications to support this determination including the "substantial similarities" between sheet metal and welding certifications, and the similarity in skill sets and tasks performed between plaintiff and workers represented by the Local Sheet Metal Workers union. *Id.*

The Board's determination that plaintiff's current employment constituted sheet metal work was not an abuse of discretion. Plaintiff cites to *Tapley* to support his position that the Board abused its discretion. In *Tapley*, the Trustees of a pension plan applied an overly broad interpretation of the phrase "job classification" to plaintiffs seeking early retirement benefits. Tapley, 728 F.3d at 1141. The court held that the Trustees abused their discretion when they determined that a plaintiff's employment directing traffic as a highway flagger was in the same job classification as his previous job as a skilled mechanic. *Id.* This interpretation, the court said, was overly broad and essentially rendered the term "job classification" meaningless. *Id.*

Unlike in *Tapley*, here the Board's interpretation does not conflate two distinct skill sets like highway road flagging and skilled mechanical work. *Tapley*, 728 F.3d at 1141. It does not sweep too broadly and render the phrase "sheet metal worker" meaningless. The Board's determination that welding bus and engaging in other general welding tasks is sheet metal work

had a rational justification and was adequately explained in the denial letters. The Board relied upon the similarities in required certifications, tasks and skill sets between plaintiff's welding responsibilities and sheet metal work. The Board's decision furthers the plan's purpose to provide benefits for workers who have fully retired from sheet metal work and not to displace current sheet metal workers. Thus, the Board did not abuse its discretion and is entitled to Summary Judgment in its favor.

II. *Master Trust*

Like the Pension Trust Board, the Master Trust Board of Trustees did not abuse its discretion when it determined that plaintiff was not retired and therefore not eligible to receive early retirement benefits. To be eligible for early retirement benefits, the Master Trust Plan requires, among other things, that the applicant be retired. Under the Plan, to be retired an applicant must "refrain from any employment anywhere for wages or profit in the sheet metal industry." Master AR 353. Similar to the Pension Trust Plan, the Master Trust Plan does not define the phrase "sheet metal industry." The Master Trust Pension Application Review Committee considered plaintiff's application and determined that the plaintiff was not retired because his welding work was employment "for wages or profit in the sheet metal industry." Master AR 36.

Plaintiff appealed and made the same arguments that he raised during his Pension Trust appeal. He also highlighted that his welding work fell within the purview of the Plumbers and Pipefitters Local 290 Union. The Master Trust Board of Trustees affirmed the Committee's denial and notified plaintiff by mail of this decision. The Board determined that plaintiff had not retired within the meaning of the plan, and that his welding work constituted "employment for profit in the sheet metal industry." Master AR 108.

The Board outlined the several factors upon which it based its decision. It pointed to plaintiff's continued involvement with the Local 16 union, the fact that BPA employs other sheet metal workers within the same geographic jurisdiction, and noted that that plaintiff's work was "substantially similar to work that other Local 16 members [were] performing." *Id.*

The Board's decision that plaintiff's welding work was in the sheet metal industry was not an abuse of discretion. In addition to *Tapley*, plaintiff also relies upon *Eisenrich v. Minneapolis Retail Meat Cutters & Food Handlers Pension Plan* to support his position. 574 F.3d 644, 650 (8th Cir. 2009). In that case, the reviewing court determined that a pension plan administrator abused its discretion when it determined that a plaintiff's employment as a baked goods distributor was in the same "trade or craft" as his previous employment as a meat cutter. *Id.* At issue in that case was a Department of Labor regulation that the Board of Trustees misapplied when it denied a plaintiff early retirement benefits. *Id.* Here, however, there was no regulation for the Master Trust Board of Trustees to apply. The Board was simply exercising the discretion given to it by the Master Plan to interpret and apply an ambiguous phrase.

When the Board explained its interpretation and decision to deny plaintiff's application, it provided several rational justifications. The Board pointed to plaintiff's continued membership in the sheet metal workers union and noted that the skills used by the plaintiff as a welder were substantially similar to those used by sheet metal workers. Additionally, the Board's determination furthers the plan's purpose to provide benefits for workers who have fully retired from the industry and who are not displacing other sheet metal workers. Thus, the Board did not abuse its discretion and is entitled to Summary Judgment in its favor.

///

///

## CONCLUSION

Neither the Pension Trust Board of Trustees, nor the Master Trust Board of Trustees abused their discretion when they denied plaintiff his early retirement benefits. Accordingly, defendants' motions for summary judgment (doc. 15 and doc. 28) are GRANTED and plaintiff's motion for summary judgment (doc. 22) is DENIED. This case is dismissed.

IT IS SO ORDERED.

Dated this 28th day of September 2018.

_____
Ann Aiken
United States District Judge